1

2          ** E-Filed 9/22/06 **

3

4

5

6

7

8                              NOT FOR CITATION

9            **IN THE UNITED STATES DISTRICT COURT**

10         **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

11                          **SAN JOSE DIVISION**

12

13   JOHNELLA SHACKELFORD,                    Case Number CV-05-1995 (JF)

                         Appellant,
14                                            ORDER[1] DISMISSING
                                              BANKRUPTCY APPEAL
15        v.
                                              [re: docket no. 1]
16   METRICOM, INC., et al.,

17                         Appellees.

18

19         Appellant Johnella Shackelford appeals from the judgment of the Bankruptcy Court.  For

20   the reasons discussed below, the appeal will be dismissed.

21                              **I. BACKGROUND**

22         The dispute between the parties arises from an employee stock option program offered by

23   Appellee Metricom, Inc.  Appellant, a former employee of Metricom, Inc., became eligible to

24   exercise options to purchase 1,375 shares of Metricom, Inc. on or around December 8, 1999 for

25   $6.75/share.  The appellant's account of the subsequent transaction is as follows.  Appellant paid

26   Metricom, Inc. $9,281.25 to exercise her options on December 30, 1999, and 460 shares were

27   _____

28         [1] This disposition is not designated for publication and may not be cited.

1   immediately bought and sold.  Purchase and sale of the 915 remaining shares were to be

2   completed in early January 2000.  On January 11, 2000, Appellant paid $21,526.66 to Metricom,

3   Inc. for employment taxes associated with the exercise of the 915 options transaction.  On May 5,

4   2000, the 915 remaining shares were received by E*Trade for deposit to Appellant's personal

5   account.  On November 19, 2000, Appellant notified Metricom, Inc. that she would not accept

6   the 915 shares and demanded that the 915 shares immediately be removed and her funds returned

7   to her.  On December 29, 2000, Appellant filed suit against Metricom Inc. and Does 1 through 50

8   in the Santa Clara Superior Court ("the State Court") for breach of contract, untimely

9   performance, fraud, malice, and intentional infliction of emotional distress.

10          On July 2, 2001, Appellees Metricom, Inc.; Metricom Finance, Inc.; Metricom

11  Investments DC, Inc.; Metricom DC, LLC; and Metricom New York, LLC filed voluntary

12  petitions for reorganization in United States Bankruptcy Court in the Northern District of

13  California ("the Bankruptcy Court").  On September 5, 2002, the Bankruptcy Court entered an

14  order confirming Debtors' First Amended Joint Plan of Reorganization.  On November 5, 2002,

15  the State Court issued an order limiting appellant's recovery against Metricom, Inc. to whatever

16  relief was afforded by the Bankruptcy Court.  Appellees filed their eleventh omnibus objection to

17  claims on June 17, 2003.  This omnibus objection included objections to the two proofs of claim

18  (562 and 679) that appellant filed on or about September 25, 2001.  On July 29, 2003, the

19  Bankruptcy Court issued an order sustaining appellee's eleventh omnibus objection to claims

20  ("the July 29 Order").  Appellant moved the Bankruptcy Court for reconsideration of the July 29

21  Order on February 3, 2004 on the basis of a lack of notice of the objection.  The Bankruptcy

22  Court granted the motion for reconsideration on January 20, 2005.  On March 9, 2005, appellees

23  filed an Objection to Claims of Johnella Shackelford.  An initial hearing was held on April 7,

24  2005 and April 28, 2005.  The Bankruptcy Court issued an order sustaining appellee's objections

25  to the appellant's claims and disallowing proofs of claim 562 and 679 on May 3, 2005.  The

26  Bankruptcy Court explained the basis of its decision at the April 28, 2005 hearing ("April 28

27  Transcript").

28          Appellant filed a notice of appeal and an election to have appeal heard by district court on

2

1   May 10, 2005.  On March 7, 2006, this Court issued an Order to Show Cause why this appeal

2   should not be dismissed for failure to prosecute.  It subsequently came to the Court's attention

3   that, due to a clerical error, no briefing schedule had been issued in this case.  On March 27,

4   2006, the Court issued a briefing schedule.  On April 5, 2006, the Court accepted a copy of the

5   brief Appellant originally filed with the Bankruptcy Court on May 19, 2005 ("Appellant Brief").

6   Appellee filed its brief on May 5, 2006 ("Appellee Brief").  The Court determines that the record

7   and the briefs adequately present the facts and legal arguments, and that oral argument would not

8   aid the Court in its decisional process.  The Court therefore may decide the appeal without oral

9   argument pursuant to Fed. R. Bankr. Pro. 8012.

## II. LEGAL STANDARD

11        1.    Standard of Review

12       A district court reviews a bankruptcy court's decision applying the same standard of

13   review used by circuit courts reviewing district court decisions. *See Ford v. Baroff (In re Baroff)*,

14   105 F.3d 439, 441 (9th Cir.1997). The district court reviews the bankruptcy court's factual

15   findings for clear error and its conclusions of law de novo. *See Diamant v. Kasparian (In re*

16   *Southern Cal. Plastics, Inc.)*, 165 F.3d 1243, 1245 (9th Cir.1999).

17        2.    Disallowance of Unsecured Claims

18       11 U.S.C. § 510(b) provides that

19        a claim arising from rescission of a purchase or sale of a security of the debtor or of
20        an affiliate of the debtor, for damages arising from the purchase or sale of such a
           security, or for reimbursement or contribution allowed under section 502 on account
21        of such a claim, shall be subordinated to all claims or interests that are senior to or
           equal the claim or interest represented by such security, except that if such security
22        is common stock, such claim has the same priority as common stock.

23   The Ninth Circuit interpreted this statutory section in 2001 in *American Broadcasting Sys,,Inc. v.*

24   *Nugent (In re Betacom of Phoenix, Inc.)*, 240 F.3d 823 (9th Cir. 2001).  It held that: (a)

25   mandatory subordination is not limited to securities fraud claims; (b) physical possession of stock

26   is not required under Section 510(b); and (c) an actual sale is not required to subordinate a claim.

27   *Id.* at 828-31.

## III. DISCUSSION

1        Appellees frame the issue for appeal as: "Did the Bankruptcy Court err in disallowing the

2   appellant's claims (Proof of Claim 562 and Proof of Claim 679) pursuant to both 11 U.S.C. §

3   510(b) and the terms of the Reorganized Debtors' confirmed plan of reorganization?"

4   Reorganized Debtors' Designation of Additional Items on Appeal 7. The Appellant's brief

5   argues that the Bankruptcy Court erred in concluding that 11 U.S.C. § 510(b) applied to

6   Appellant's claims. Appellant's Brief 8-20. The Court reviews this legal conclusion de novo.

7   The Court finds that there is no factual determination to be reviewed on appeal.[2]

8        Appellees objected to the claims on the basis of 11 U.S.C. § 510(b). Objection to Claims

9   of Johnella Schakelford 8. Appellee cited *Betacom* for the principle of risk allocation that

10  motivates mandatory subordination of equity claims. *Id.* Appellant argued in response that

11  Section 510(b) does not apply under the present facts because she never properly became a

12  shareholder and that a rescission did not occur. Declaration of Johnella Shackelford in Support

13  of Opposition ¶¶ 31-33, 37. Appellant makes the same arguments on appeal. Appellant's Brief

14  11-14. Appellant points to authority from other federal circuits in support of these arguments.

15  The Court understands the arguments made by Appellant. As noted by the Bankruptcy Court,

16

---

17       [2] Appellant argues that the "evidence presented by [appellees] does not support the

18  Bankruptcy court's finding that Johnella Shackelford was an Equity Shareholder Subject to
Subordination under 11 U.S.C. § 510(b)." Appellant's Brief 20. The Court reads this statement

19  in the context of the rest of Appellant's Brief and understands the challenge to the sufficiency of
the evidence as a turn of phrase rather than an appeal of a factual finding by the Bankruptcy

20  Court.
       Appellant's statement of "Facts Which Are Disputed" and "Facts Which Are Not

21  Disputed," Appellant's Brief 5-8, indicate that the two remaining disputes - whether Appellant is
a shareholder and whether the transaction is a rescission under § 510(b) - turn on legal issues

22  rather than factual issues. The statements of disputed facts does not claim that the Bankruptcy
Court mistook the contents of the Reorganization Plan or otherwise made an error of fact.

23
       The transcript of the April 28, 2005 hearing confirms that the Bankruptcy Court decided

24  the case on the basis of legal rather than factual arguments. The Bankruptcy Court found that
Appellant "failed to rebut successfully the legal authority that requires her claim to be

25  subordinated as a matter of law." Transcript of April 28, 2005 Hearing 5 ("April 28 Transcript").
The Bankruptcy Court stated that it had considered and understood "claimant's argument that she

26  never really became a shareholder under the circumstances here," but notes that Appellant did

27  not cite "any authority."

28

1    these arguments are not frivolous.  April 28 Transcript 5-6.  However, *Betacom* remains the

2    governing authority in the Ninth Circuit, and this Court must apply its holdings to the present

3    case.  The Court concludes that the transaction at the basis of the current dispute is within the

4    scope of Section 510(b) under *Betacom*.  The Court consequently must dismiss the appeal.

5         The *Betacom* case arose from a merger agreement between two corporations.  American

6    Broadcasting Systems, Inc. ("ABS") was to acquire Betacom in exchange for ABS stock.

7    *Betacom*, 240 F.3d at 826.  The merger agreement called for an audit prior to the merger to

8    determine the value of the liabilities assumed by ABS.  *Id.*  The audit never occurred and ABS

9    never paid the Betacom stockholders any cash or stock.  *Id.*  ABS subsequently entered Chapter

10   11 bankruptcy.  *Id.*  The Betacom shareholders filed three proofs of claim in the bankruptcy case.

11   *Id.* at 827.  One of these proofs of claim alleged an unsecured, non-priority claim against ABS for

12   ABS's alleged breach of contract and fraud in the disputed merger.  *Id.*  ABS subsequently filed a

13   complaint in the bankruptcy court seeking mandatory subordination of these claims under

14   Section 510(b).  *Id.*  The bankruptcy court granted partial summary judgment, concluding that

15   Section 510(b) did apply despite the failure of the parties to conclude the merger transaction.  *Id.*

16   The district court reversed.  *Id.*  The Ninth Circuit agreed with the bankruptcy court and held

17   that: (a) mandatory subordination is not limited to securities fraud cases; (b) physical possession

18   of the stock is not required under Section 510(b); and (c) an actual sale is not required to

19   subordinate a claim.  *Id.* at 829-30.

20        The Court understands and has considered appellee's argument that *Betacom* does not

21   control because she never properly became a shareholder.  However, it concludes that *Betacom*

22   also applies to delayed or compromised transactions such as the one at issue here.  The facts of

23   this case are analogous to those in *Betacom*.  First, and most importantly, both cases involve

24   parties who entered into agreements to transfer stock: Appellant agreed to purchase stock from

25   her employer and the Betacom shareholders agreed to exchange their Betacom stock for ABS

26   stock.  Second, neither contract was performed in the desired manner and both became subject to

27   a contract dispute.  Third, appellant's employer entered bankruptcy while the present dispute was

28   pending just as ABS entered bankruptcy while its dispute with the Betacom shareholders was

District Court Case No. CV-05-1995 (JF) Bankruptcy Court Case No.: 01-53291 (ASW)
ORDER ORDER DENYING APPEAL FROM JUDGMENT OF BANKRUPTCY COURT
(JFLC1)

1  pending.  Appellee has not identified and the Court does not perceive any ground on which to

2  distinguish the present case from *Betacom*.

3        Since it is directly applicable Ninth Circuit authority, the Bankruptcy Court and this Court

4  must follow *Betacom*.  *Betacom* requires the mandatory subordination of appellant's claims

5  under Section 510(b).  Accordingly, the Bankruptcy Court correctly sustained appellees'

6  objections to the appellant's claims and disallowed proofs of claim 562 and 679.

7                                    **IV. ORDER**

8  The appeal in District Court case number CV 05-1995 is DISMISSED.

9

10

11

12  DATED: September 22, 2006.

13

14

15                                    _____
                                      JEREMY FOGEL
16                                    United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

District Court Case No. CV-05-1995 (JF) Bankruptcy Court Case No.: 01-53291 (ASW)
ORDER ORDER DENYING APPEAL FROM JUDGMENT OF BANKRUPTCY COURT
(JFLC1)

1  This Order has been served upon the following persons:

2  Notice will be electronically mailed to:
   John D. Fiero                    jfiero@pszyjw.com, azaragoza@pszyjw.com
3  Joshua M. Fried                  jfried@pszyjw.com, mstickley@pszyjw.com

4  Notice will be delivered by other means to:
   Richard Baumfield
5  Andrews Kurth LLP
   450 Lexington Avenue, 15th Floor
6  New York, NY 10017

7  Richard M. Pachulski
   Pachulski Stang Ziehl Young Jones & Weintraub
8  150 California Street
   15th Floor
9  San Francisco, CA 94111-4500

10 Johnella Shackelford
   1138 Del Oro Way
11 Gilroy, Ca 95020

12 Paul N. Silverstein
   Andrews Kurth LLP
13 450 Lexington Avenue, 15th Floor
   New York, NY 10017

14

   USBC Manager-San Jose
15 US Bankruptcy Court
   280 South First Street
16 Room 3035
   San Jose, CA 95113

17

   Arthur S. Weissbrodt
18 U.S. Bankruptcy Court
   280 South First Street
19 Room 3035
   San Jose, CA 95113

20

21

22

23

24

25

26

27

28

District Court Case No. CV-05-1995 (JF) Bankruptcy Court Case No.: 01-53291 (ASW)
ORDER ORDER DENYING APPEAL FROM JUDGMENT OF BANKRUPTCY COURT
(JFLC1)